Mr. Fernandez, why don't you go ahead? Yes, good morning, Your Honor. May it please the Court, Regis Fernandez, Newark, New Jersey, on behalf of the petitioner Louis Pilataxi, I respectfully wish to reserve five minutes rebuttal time. Okay. Petitioner, through counsel, respectfully submits in this case that the Board of Immigration Appeals abused its discretion and failed to follow the law with regards to their decision holding that the his burden of proof of showing that his criminal conviction had been vacated, had not been vacated solely for improper reasons. Now, there are two, there was a remand and there was a motion to reopen. I take it you're not really pursuing the remand one at this point? The motion, we're pursuing the motion to reopen. The remand, I believe, Your Honor, is part of the is almost the same thing as the motion to reopen because... Well, there were two petitions, sir. Are you proceeding in any way in the first petition for review or are we here only with respect to what is raised in the second petition? Only with respect to the second petition because we do concede that the order, we do concede that the modified approach is proper in this case. So, the only issue then that's before us is whether the BIA erred in denying the motion to reopen once the post-conviction relief petition was submitted for review, is that right? Correct, Your Honor. Thank you. So, in the instant case, Mr. Pilataxi was seeking cancellation of removal for non-permanent residents in removal proceedings but because of a 2004 shoplifting conviction, he was barred. Fortunately, criminal counsel was able to vacate. Who were the procedure of it? Your argument really focuses on Pino and Pickering and Rodriguez and maybe you could take a look at the record before us and tell us whether or not that applies and how they apply. Okay. Now, the record before the BIA, what we submitted, what criminal counsel provided me with was the opening, the opening, the moving papers on the petition for the post-conviction relief which solely focused on ineffective assistance of counsel, Sixth Amendment, Padilla versus Kentucky, you know, solely meritorious grounds. There were no points of, there were no non-meritorious grounds in the moving papers. Then, we also submitted the postponement order, the transcript of, the only transcript with regards to the PCR and the actual order. Now, under the categorical approach, we first look at the order. If the order is not clear, then we look at the, at whatever we have from the PCR proceedings. What, what does the order, when you're referring to the order, are you referring for our purposes to the order of vacature, the state court order? Yes, your honor. All right, that's, that's the order of Judge Kasim in New Jersey, November 4, 2019? Yes, your honor. All right, what can we divine from this order? Okay, we can divine from the order that the, it says the court having considered the documents submitted. So, we can divine that the court observed some documents which would be the, the, the PCR moving papers and anything else that the order, that the, I guess that the court considered. The oral argument, it mentions oral argument. In this case, there wasn't an oral argument. It was just a transcript saying this person's got, got this criminal defendant was admitted. What can you take from this order that says anything other than the legal act of vacature, the judicial act of vacature? Okay, the, not much, but it does say and for good cause. So, I would assume that good cause means something that's meritorious as opposed to just because we, we feel sorry for this criminal defendant. Well, he finished the, the pretrial program, right? And there was a compromise, using the language of our cases, to terminate the completion of the pretrial program to satisfy any criminal penalties he would face if he were fully prosecuted. Isn't that right? And that's why I asked you folks on Pino Pickering and Rodriguez, because this case seems to fit perfectly within that framework, especially within the framework of Rodriguez. That's, that's correct, your honor. There, it does, it does indicate that he was admitted into the PTI program, but the criminal judge nonetheless had to, had to vacate the, his, his guilty plea for, for Pickering to take effect. So there could be, you, you could get a pretrial intervention admission in New Jersey with a guilty plea or without a guilty plea. Without a guilty plea would be the only way that it would be properly vacated, assuming that everything else in Pickering would, was, was followed. So, so we, so we do have... What evidence, what evidence do you rely on to show that this was either substantive or procedural vacation or vacator of the order, or instead, or instead it was just, we're going to show him mercy? The, the, the, the opening of the, the arguments by criminal counsel on the PCR, the transcript and the actual order. So going, going in, in the, in the, according to the, to the modified categorical approach, we look at the order, the order mentions documents submitted. We look at what the, what the argument of criminal counsel was. In this case, there were meritorious arguments there, and there's nothing else in, in the transcript or the order, which shows invalid reasons for granting it. Therefore, we respectfully suggest that the respondent has, the petitioner has met his burden of proof of showing that the, that the criminal order for the PCR was not done solely for humanitarian or immigration purposes, which is a little bit different than us showing that it was done for, for that, that it was definitely done for valid reasons, because in this case, we're never going to get to that. We're never going to get into the mind of the criminal judge as to what his, his or her true reasons were. We're only, we, our burden of proof is not to show what the judge was... That the ineffectiveness claim and the PTI placement don't concern the same subject matter, that they don't have the same underlying facts or arguments behind them. Would that be a fair assumption? I'm sorry, your honor, I didn't get that. I, I'm, I mean, I, I am assuming, first of all, that the ineffectiveness claim, we, we know what has to underlie that and what vaguer on, on PTI placement, but at the very least, I'm, I'm assuming that these are two different forms of relief based upon different factual underpinnings and different supporting arguments. Yes, but, but, but nonetheless, they're both meritorious arguments. They're not humanitarian arguments. So, so if you, if you look at the PCR argument... That they are not humanitarian arguments with respect, say, for place, for PTI placement? Exactly, your honor, because the, one of the arguments was that criminal counsel was ineffective in that he did not advise the client as a first-time offender to enter into the PTI program. So while the, while the BIA and opposing counsel are, are, are motivated by the fact that, hey, PTI is a rehabilitative program. So that shows, that shows rehabilitative purposes. The, the, the merit, the, the argument on the PCR is nonetheless not a rehabilitative argument because it's, because it's based on ineffective assistance of counsel, which is a constitutional claim. I thought the ineffective assistance of claim argument was based upon the fact that your client was not advised of the immigration consequences of a the, that was also put forth on the... But that, to me, it would seem to be, unless I'm missing, that is your key contention, because if it's dismissed procedurally, quote, procedurally under the Sixth Amendment, then again, I keep trying to come back to these cases, then you're in Rodriguez land, in Pino land, and that's the kind of resolution that would be determinative of the validity of the conviction insofar as the conviction might otherwise go to be grounds for a crime that would bar his immigration relief. Yes, Your Honor, but I either, I either under, with whichever reason, whether it's, whether it's failure to admit into, failure to apply for PTI, failure to advise the immigration consequences, where I think they also mentioned failure to have an interpreter, a Spanish interpreter, they're all merit, they're all reasons for merit. They're not, they're, they're, under pickering. But with the interpreter, that would seem to make, you know, you may be right about that, but that broadens it much more than you have to broaden it in terms of failure to have an interpreter, those kinds of contentions. It seems to me all you have to rely upon is the fact that there may well be ineffectiveness based upon the failure to advise as to the immigration consequences and, and keep it simple. Yes, but at the same time, we, I do have to be Which is the reason to send it back to the BIA for an, for an in-depth evaluation of that. That's the reason going to your second motion, for the second motion to be granted and allows the BIA to be open. Yes, Your Honor, I apologize. I don't, I don't think that the BIA will, will, will ever get to that reason because the order and the transcript itself, the judge's words, the only, the only two documents in the record, which, which throw any insight into what the third circuit case law and on Pickering itself as to what, as to the catalyst or what we look at. And if we look at Pickering, Pickering States, we look at the law under which the Canadian court issued its order. So in this case, we look at Padilla versus Kentucky and, and the law of ineffective assistance of counsel. And then it says, and then we look at, and, and the terms of the order. So we look at the order. There was no reasons, there were no negative reasons in the order itself. And then it says, as well as the reasons presented by the respondent and requesting that the court vacate the conviction. So we look at that as well. And under the third circuit approach, and even under the BIA Pickering approach, where we look, where we're supposed to look at the, what the respondent's arguments were. He has not only presented valid arguments, but there's no evidence of, there's no evidence that his PCR was granted solely for invalid reasons. What was the, what was, Pino says that if the order does not give a clear statement of the agency, the BIA may look to the record before the court when the order was issued. And you're telling me if we send it back to have them look more deeply into the record, will they find a brief, for example, that argues ineffective assistance of counsel? Yes. And, and I would like, isn't that helpful? Yes, it is. Yes, it is. But you're never, but according to the, to the, to the opposing counsel's approach, they look at the opening, they look at criminal counsel's opening arguments and, and, and argue that because those reasons set forth in that argument are not carried over to the transcript into the order. Therefore, the respondent cannot meet his burden. And I would, and I would assume we're never going to be able to meet the burden. We got it. So let's say that what the BIA says, or the IJ as well, if the reasons are silent, the burden is on the petitioner. But if we send it back and say, okay, at this point under Pino, you can delve into the record and you find, and you pull this back in or because it wasn't in the administrative record, then you have a pretty good argument. It would seem that this, what happened by the court, this was, you know, many years later, which is usually, you know, rarely done is to have a favorable ruling. And it would seem that you could then imply from that pretty, pretty strongly that it was for a procedural or a substantive reason, as opposed to a humanistic reason. But there may be other stuff in the record that needs to be opened, but I mean, you've got a case if the matter is reopened. And so I'm kind of missing why you're saying getting into the burden, shouldn't you say the burden would be on the other side if the matter is reopened? Yes, I would, Your Honor, because we've made a prima facie showing that there was not done solely for invalid reasons. We would be open to that, Your Honor. I think that would be a- Okay, let me just finish. I keep using some time. So I think it's just sometimes we'll hear back from you on, we're up here trying to throw you softballs and you're doing your best to strike out. I'm sorry, Your Honor. We would be open to sending it back for consideration of the full criminal docket. Yes, we would. Thank you. Okay, Mr. George. Thank you, Your Honor. Let me just get my timer here. May it please the Court, Matthew George for the Attorney General. This is about the burden of proof that Petitioner had with respect to his motion to reopen and what he had to show that the state court criminal order was not vacated for immigration or rehabilitative purposes. It's about the record that was before the Board that Petitioner presented in his motion, what he did include and what he didn't include. Well, let's assume here, I know you're saying that there's an issue about whether or not this brief was submitted that raised the issue of an effective assistance counsel. My clerk has scoured the New Jersey dockets and it seems pretty clear to me, although there's a misconnect in the date, the date of the filing is off by one day. It's pretty clear that there was a motion for post-conviction relief submitted by a counsel named Carl Schwartz. Even though it's labeled legal brief, it's the only document in the record that could be considered a motion for post-conviction relief. And he's asking for conviction or relief based upon vacator of the guilty plea. And we have all of this language, which we can't ignore in our cases that simply recognize the fact that when a case is compromised, such as this one is by allowing someone to go into what I call a pretrial diversion program and then terminating the prosecution, it takes into consideration the fact that there's some problem in the underlying prosecution or else the court wouldn't agree to it and the government wouldn't agree to it. Here, it seems pretty, I don't want to say it's obvious, but it's certainly likely that the procedural issue before the court was a less ineffective assistance because of a failure to advise on the consequences of immigration, of a guilty plea on immigration. This is really a simple case. I don't know why it's being, it's easy. I mean, our cases, Pino, Rodriguez are all there. I mean, we can make argument for the sake of argument because you got 15 minutes of argument time, but this seems to me an easy case. Send it back to the VA. They can be managed by the IJ and we'll look into it. They'll look into it. If you're right, Mr. George, that this was more humanitarian relief than substantive or procedural, then Mr. Pelotaxi loses. And we can have a discussion about why the government is so interested in removing this guy for retail theft that occurred like 15, 16 years ago. He's got kids, one of whom, at least one of whom is a college graduate, U.S. citizen. We're not talking about John Dillinger or a recognized terrorist. This is not Carlos the Jackal that we're trying to get out of the United States. I don't get it, frankly, but that's aside, that's a policy matter. That's not for the court. Well, Your Honor, there's a lot to unpack with that statement. There is, I agree. This isn't personal and it's not about whether the petitioner is a good person or a bad person. If he meets his burden, the board will reopen and he gets to present his case. That's all this is really about. Exactly. So let's give the board a chance to do that. But that's really the issue, is it's his burden to prove in the motion to reopen that his conviction was not vacated for immigration and rehabilitative purposes, and it's his burden to present the full record before the state court. He presented bits and pieces of it. He did present the motion. He did present the court order. But I think as the court has discussed already, the court order itself doesn't really refer to or incorporate that legal brief. But the legal brief was filed. Now, we can argue about that, but it seems to me from my clerk examination of the docket, the legal brief was filed. And it also seems that you didn't challenge the authenticity of the brief by raising it before the BIA. Well, the fact that the court went and ordered the docket sheet to be produced by Petitioner's Counsel shows, at least in some respect, that the record is inconclusive. Why would the court go and didn't need it to show that? Now, I just cited one reason, for example, that it didn't have a filed stamp on it. Now, the legal brief is in the record. However, now that we're going to look at this docket sheet, there's other things that were filed in the criminal case that were not presented to the board. For example, the state's response. The state filed two different responses. And as the court's case is in Penho and in Cruz and in Rodriguez, the state's responses to these motions are a critical factor. In Penho, the court cited four times the fact that the state didn't file a response. So is Penho helpful at all here to us, irrespective of which side it may help or hurt? Is it a case that's helpful to us? It's instructive in that whether the state filed a response is a factor that the court seems to deem really important. And if we're looking at just what was before presented to the board, we don't know. If we're going to look at the docket sheet that was produced before this court, we know the state did file a response. And so without seeing what that response is, without seeing the full record, we don't know if the state agreed to it. Why not see that the whole record can be examined? We can argue for the sake of arguing, as I said before, but in terms of trying to perpetuate some kind of justice consistent with the law, and those two things are not always the same as we know, why not just let the immigration judge or the BIA, depending on how the BIA wants to handle it, take a look at it. Maybe Mr. Pelotaxi is correct in that the state court retail theft was vacated for a substantive or procedural ground, as he's at least alleged in part, if not in whole. Maybe he's wrong, in which case he loses it. That seems really easy to me. Because it's his burden to present the entire record to the board, not to do this sort of piecemeal type of litigation where he presents a few things to the board, then we come to the court, then the court says, oh, why don't we send it back for now, we'll look at everything. Okay, so that's your answer. The brief was not sufficient, you're saying? Or the brief wasn't submitted to the board? That's what the board said. The record was not sufficient to be able to determine based on what was presented to it, whether this was not solely for the immigration or rehabilitative purposes. I thought what the board said was the order releasing him was silent as to its reasons. That's what I thought they said. And what we're trying to find out is what's behind it. We're just trying to find out what were the reasons, and we're suggesting wouldn't it be better if we just remanded this for reopening and allow the facts to come out. He wins or he loses based on what you come up with. For example, in addition to his brief, you're now saying there was a responsive brief to that. That might be worth considering by the immigration judge. That's my point, your honor. He needed to present all that the first time around, not in this now go back a second time. So you're saying it was the petitioner's job, it was his obligation to submit his opponent's brief. That's what you're saying? The complete record from the criminal proceedings, yes. So that's a yes. This court has said it's his burden, and the Supreme Court in Farida has said it's his burden. Why didn't the government, when the motion was filed, assume that you're right about it, it's his burden. He files his brief. If you're right, then the government could just stand back these cases, not file a brief. I don't know why a petitioner would file a brief that may contain within it the very argument that would defeat his claim. So he's relying upon the government to file his own brief. The government doesn't file its own brief, and they can say, okay, we got you because you didn't file our brief. We're talking about two different governments, I think, your honor. The government in this case would be the Department of Homeland Security. The government in the state criminal proceedings would be the state of New Jersey, I believe. So DHS, I suppose, could go and get those documents, but it's not their burden to make that showing before the board in this motion. This is petitioner's motion. He needs to present everything there is. He needs to present the full record. And maybe all that shows that it wasn't vacated for the immigration or rehabilitative purposes. It's not my argument that this is or is not. This is about the record that was before the board and the board determining that that was inconclusive. He may eventually present the whole record. He can file another motion to reopen and present that whole record, and maybe the board will then agree with him. Maybe we'll have to go again. I'd like to go to a different panel. Well, had he done that the first time, we'd be having an entirely different conversation here. We might not even be here because the board may have said, now that we see this whole record, we agree that it was not vacated for these immigration or rehabilitative purposes following the court's decisions in Pinho and Cruz and Rodriguez. Because now we can see we have this whole picture. But the board is saying, based on these it's inconclusive. It doesn't conclusively show. Okay, I understand your argument. Yeah. How is this case different from Pinho? Well, in Pinho, there was no state response. So that seems to be a significant factor in this analysis is whether the state opposed it or not or filed a response at all. But the point here is, let's assume that the brief was for ineffective assistance of counsel. Let's assume the state response is there was no ineffective assistance of counsel. The order then releasing him would have been on the substantive or procedural prong as opposed to a humanitarian prong, correct? The order as it's written in this case? No, I'm saying if the brief dealt with ineffective assistance of counsel, and if the response of the state was an opposition to ineffective assistance of counsel, then it would seem that whatever the order was that came down in favor of Mr. Pelotoxy would be either substantive or procedural. Isn't that correct? It would depend on what the text of that order said. And I mean, that's what the court directs us to do in Pinho in these cases. But if there's only one thing in front of the court, which are the people telling you a brief and an opposition brief on a substantive slash procedural issue, ineffective assistance of counsel, then whatever the order does would seem to relate to that. Unless there was also presented in that record, something relating to humanitarian reasons, hey, this guy could, he didn't realize in 04 when he was shoplifting, he was told by counsel, you know, one thing, but so what? I'm going to let you out, because I think you've been in for too long. That's it. You're out of here. And I'm vacating the conviction. I mean, I just want to find out what the facts are. Yeah. Right. I don't disagree with that. But that was petitioner's burden to present those to the board in the first instance and not do it in a sort of piecemeal fashion. And that's really what the board is saying. That's what this case is about, is that he's presented an incomplete record. And the board has said on that incomplete record, we can't tell. Now, how do you present the complete record? It would be a completely different. It certainly, every appellate court seeks to avoid piecemeal litigation. That's part of our job. And it does seem to me that all of us are left, whether it's the BIA or whether it is us, with little more and perhaps nothing more than this November 4, 2019 order. And the inherent question, just what does it mean? What is its reach? I'm wondering if, as has been suggested here by my colleagues, we were somehow to grant the motion to reopen and then remand, how it might be possible for whoever has the burden or whoever wishes to try to shed some light on the question before us might determine the reach of the order. Would there be anything, for example, within New Jersey law that could be looked to that spoke to just what can be read into an order that is as relatively terse as this one is? Otherwise, I'm fearful that we end up with the same question or the same lack of answer that we have right now. And that is, we have an order and we just don't know what its reach is. I can't comment on New Jersey law. I haven't looked into that. No, well, I haven't either. But it has just occurred to me that maybe it's possible that there won't be any facts out there that shed light on this. And in fact, going behind a judicial order is always quite a challenge for anyone, unless there is more. But clearly, there is some frustration, I think, for all of us in trying to determine just what this order by itself, by its three decretal and brief paragraphs, actually means. Or rather, what is its reach? I understand. I understand exactly what you said about whose burden it is. I don't dispute that. But don't you find there to be something frustrating about the fact that we're sort of at what may be a dead end here. And the dead end is one that has really no clear answer to it. I certainly appreciate your question, Judge Smith. And I believe I'm almost out of time, but I'd like to just make a quick response to it. I think if we, at least the board, had the complete record in the first instance when petitioner filed that motion, at least under the court's cases, that might be a little more guidance in terms of what the board should do or what the outcome is in that instance. And that's why I'm highlighting the state's response, because that seemed to be a significant factor in Pinho and in Rodriguez, and also in Cruz, where we had letters from the state sort of giving some light into that. And so, in the event of a clear or a complete record, at least under the court's case law, there might be a little more guidance as to which way this should go. Thank you, Mr. George. Thank you. I think you reserved a couple minutes. You're welcome to them, or you can rest on the arguments that you've made. It's up to you. Your Honor, I quit while I'm ahead. And we would be entirely amenable to having it either be reopened or just at that time, I wasn't aware. I'm not even sure if the docket was online at that time. I just relied on criminal counsel. But I trust that when we get the entire docket before the BIA, if we get it to the BIA, that at least we may deal with some of these issues. So, thank you. But we would respectfully request a remand to the BIA for submission of the entire docket if necessary. Okay. Thank you. Thank you, counsel. I'd like to make just one very collateral comment, and that is to thank counsel for, I think, correctly pronouncing the case name Pinho, when both of my colleagues, whom I love dearly, have pronounced it as Pinho, which shows where their minds happen to be in this case, and where counsel most appropriately happened to be thinking of it. Thank you, Judge McKee, for affording me that opportunity. Any time. All I can say is this gives you one more insight to this trio of judges. Yeah. Keep it as it is, as I often say. Okay. Thank you very much. You can go ahead and disconnect.